IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR KEMP                                                                                                    PLAINTIFF

v.                                            Civil No. 6:22-CV-06085-SOH-BAB

WELLPATH, LLC, Medical Services Provider
for the Arkansas Division of Corrections;
DR. THOMAS N. DANIEL, Day Clinic, Special Needs Unit;
DR. NANNETTE VOWELL, Hospital, Special Needs Unit; and
NURSE HARRIS,                                                                                            DEFENDANTS.

## **ORDER**

*Pro se* Plaintiff Lamar Kemp, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that he was denied necessary medical care at the Ouachita River Unit, Special Needs Unit in violation of his constitutional rights. (ECF No. 1). This matter is now before the Court on Plaintiff's Motion for Preliminary and Permanent Injunction. (ECF No. 15).

Recognizing that *pro se* pleadings are to be liberally construed, the Court views Plaintiff's motion as both a request for injunctive relief and as a request for an order regarding the way Defendants produce discovery. The Court will address the request for injunctive relief in a separate Report and Recommendation. This Order solely addresses Plaintiff's concerns regarding the way Defendants have produced discovery.

According to Plaintiff, the Defendants sent him a USB flash drive purportedly containing discovery related to this case, but upon its receipt, Plaintiff, an inmate in the Arkansas Department of Corrections (ADC), was threatened with disciplinary action because the ADC considers such items contraband. (ECF No. 15). To comply with ADC regulations, Plaintiff requests an order requiring the Defendants to send him paper copies of the disclosures on plain paper with the text in English. *Id.* In response, the Defendants argue that their production of Plaintiff's medical

records—the disclosures at issue here—comply with this Court's scheduling order because the order directs them to produce electronic evidence on a USB drive and inmate medical records are maintained in an electronic format. (ECF No. 16).

The court "has very wide discretion in handling pretrial discovery matters." *See United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014). Having considered the Plaintiff's Motion (ECF No. 15), the Defendants' Response (ECF No. 16), and the Plaintiff's Reply (ECF No. 17), **THIS COURT HEREBY ORDERS THAT:**

1. Defendants shall mail Plaintiff paper copies of his medical records on plain paper with the text in English as soon as practicable but in any event by no later than March 9, 2023;

2. Where possible, Defendants shall send Plaintiff discovery in this format going forward;

3. In situations where this is <u>not</u> possible—e.g. discovery involving video footage—prison officials at the prison where Plaintiff currently resides—the Ouachita River Correctional Unit (OCU)—are <u>DIRECTED</u> to make arrangements so that Plaintiff can view this discovery; and

4. To this end, the Clerk is <u>DIRECTED</u> to send a copy of this order to the Warden of the Ouachita River Correctional Unit (OCU) by certified mail, return receipt requested.

**IT IS SO ORDERED.**

DATED this 6th day of February 2023.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE