IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR KEMP                                                                                              PLAINTIFF

v.                                                                    Civil No. 6:22-CV-06085-SOH-BAB

WELLPATH, LLC, Medical Services Provider
for the Arkansas Division of Corrections;
DR. THOMAS N. DANIEL, Day Clinic, Special Needs Unit;
DR. NANNETTE VOWELL, Hospital, Special Needs Unit; and
NURSE HARRIS,                                                                                        DEFENDANTS.

## MAGISTRATE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff Lamar Kemp, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that he was denied necessary medical care at the Ouachita River Unit, Special Needs Unit in violation of his constitutional rights. (ECF No. 1). This matter is now before the Court on Plaintiff's Motion for Preliminary and Permanent Injunction. (ECF No. 15). Having reviewed this motion, the Defendants' Response (ECF No. 16), and Plaintiff's Reply, (ECF No. 17), and for all the reasons outlined below, this Court recommends that Plaintiff's Motion be denied.

### I. BACKGROUND

Plaintiff's Motion for Preliminary and Permanent Injunction requests an order requiring Defendants to provide discovery related to this case in a format not inconsistent with Arkansas Department of Correction (ADC) regulations. (ECF No. 15). According to Plaintiff, Defendants mailed him a flash drive presumably containing disclosures related to this case, but Plaintiff, an ADC inmate, was threatened with disciplinary action because receipt of such an item is considered

1

contraband and a violation of Arkansas State Code § 5-54-119. *Id.* Plaintiff claims that Defendants previously had been made aware that ADC regulations prohibit inmates from receiving USB flash drives, but Defendants knowingly mailed him a USB flash drive anyway. *Id.* Plaintiff requests an order requiring the Defendants to mail him disclosures related to this case on plain paper with text in English. *Id.* Plaintiff further requests an order enjoining the Defendants from sending him disclosures in an electronic format going forward. *Id.*

In response, Defendants argue that their production of discovery complied with the Court's initial scheduling order (ISO). (ECF No. 16). They further claim that Plaintiff has not satisfied the four-factor *Dataphase* test to demonstrate that an injunction is warranted. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Plaintiff, by contrast, argues that an analysis of these four factors weighs in favor of an injunction. (ECF No. 17).

Recognizing that *pro se* pleadings are to be construed liberally, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), this Court views Plaintiff's motion as a request for injunctive relief *and* as a request for an order concerning the production of discovery. This Report and Recommendation addresses Plaintiff's request for injunctive relief. The Court will address Plaintiff's motion regarding the production of discovery by separate order.

## II.  LEGAL STANDARD

Plaintiff requests both a preliminary and permanent injunction. (ECF No. 15). Requests for preliminary injunctive relief are governed by Rule 65(a) of the Federal Rules of Civil Procedure. In considering a preliminary injunction, courts consider the following four factors: (1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) whether

the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

The standard for issuing a permanent injunction is essentially the same, except that a permanent injunction "requires the moving party to show actual success on the merits, rather than the fair chance of prevailing on the merits required for a preliminary injunction." *Oglala Sioux Tribe v. C&W Enterprises, Inc.*, 542 F.3d 224, 229 (8th Cir. 2008). "[T]he burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

### III.    LEGAL ANALYSIS

First, regarding Plaintiff's request for permanent injunctive relief, Plaintiff's request is untimely. Plaintiff has not—and cannot—demonstrate "actual success on the merits" because his lawsuit remains pending and there have not been any findings on the merits of Plaintiff's claims. Accordingly, Plaintiff's request for Permanent Injunctive Relief should be denied. *Randolph v. Rodgers*, 170 F.3d 850, 859 (8th Cir. 1999) (concluding that district court abused its discretion in issuing permanent injunctive relief when there was no finding of success on the merits of plaintiff's claims).

Turning to his request for preliminary injunctive relief, the purpose of preliminary injunctive relief is to "preserve the status quo and prevent irreparable harm until the court has had an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Thus, as a threshold matter, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the

conduct asserted in the complaint." *Id.*

Here, the factual predicate to the Complaint concerns allegations that the Defendants denied Plaintiff appropriate medical care in violation of Plaintiff's constitutional rights. (ECF No. 1). The request for preliminary injunction, by contrast, involves a discovery dispute: specifically, the manner in which the defendants have produced their discovery related to this lawsuit. (ECF No. 15). The injury alleged in the Complaint, therefore, is wholly unrelated to the injury Plaintiff seeks to avoid in his request for injunctive relief—disciplinary action for receiving a USB flash drive in the mail. Thus, Plaintiff has failed to establish a relationship between his motion for injunctive relief and his claims, and his request for injunctive relief should be denied on that basis.[1]

## IV.  CONCLUSION

It is therefore recommended that Plaintiff's Motion for a Preliminary and Permanent Injunction (ECF No. 15) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2023.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court, by separate Order, directed the Defendants to provide Plaintiff with paper copies of the discovery at issue in this Motion. (ECF No. 18). That Order also directs Defendants to continue to provide paper copies of discovery materials when possible.