IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR KEMP                                                                    PLAINTIFF

      v.                    Civil No. 6:22-CV-06085-SOH-MEF

WELLPATH, LLC, Medical Services Provider
for the Arkansas Division of Correction;
DR. THOMAS N. DAY,
Day Clinic, Special Needs Unit;
DR. NANNETTE VOWELL,
Hospital, Special Needs Unit; and
NURSE HARRIS                                                                 DEFENDANTS

## ORDER

Plaintiff, Lamar Kemp, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that the defendants denied him proper medical care in violation of his constitutional rights.  (ECF No. 1).  This matter comes before the Court on Plaintiff's Motion filed on September 27, 2023.  (ECF No. 50).

Plaintiff styles his Motion a "Motion for Reversal."  *Id.*  According to Plaintiff, on September 5, 2023, "Ms. Osseni, Taylor M." filed a major disciplinary charge against him for allowing another inmate to assist him in prosecuting a § 1983 action, and that a hearing officer subsequently issued a sanction against him for this purported infraction.  *Id.*  Plaintiff makes no specific request for relief in the Motion, but because he has styled it as a "Motion for Reversal," the Court assumes the Plaintiff requests an order directing the hearing officer to rescind the disciplinary sanction.

But this claim for relief clearly does not belong in *this* action.  Recognizing that pro se

1

pleadings are to be liberally construed, this Court first considers Plaintiff's Motion as a motion to supplement the complaint under Rule 15(d) of the Federal Rules of Civil Procedure.   *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that pro se pleadings are to be "liberally construed").   Pursuant to that rule, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."   Fed. R. Civ. P. 15(d). "A supplemental pleading . . . is designed to cover matters subsequently occurring but *pertaining* to the original cause."   *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (emphasis added).   The decision whether to grant leave to supplement a pleading is within the sound discretion of the trial court.   *See Minnesota Mining & Manufacturing, Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960).

Plaintiff's supplemental pleading, however, does not relate to the claims alleged in his original complaint.   The factual predicate underlying the Complaint concerns the Defendants' purported failure to provide constitutionally adequate medical care.   (ECF No. 1).   Plaintiff's Motion, however, concerns allegations that prison officials disciplined him because another inmate was assisting him in prosecuting his § 1983 action.   Because the claims bear no resemblance to each other and concern entirely distinct sets of facts, it is inappropriate to allow Plaintiff to supplement the original complaint with this claim.   *See, e.g.*, *Braun v. Walz*, Civil No: 20-0333 (DSD/BRT), 2021 WL 4813298, at * 2 (D. Minn. August 9, 2021) (denying motion to supplement proceeding under Rule 15(d) finding that claims of retaliation over the filing of the original complaint arise from a separate body of facts) (citing *Dockery v. Wetzel*, Civil No. 3:CV-11-1368, 2013 WL 664931, at * 3 (M.D. Penn. Feb. 22, 2013) ("Although Plaintiff alleges retaliation for

filing the instant action, the claims arise from a completely separate body of facts.")).

Similarly, to the extent that Plaintiff seeks to *amend* his Complaint with this claim under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff's Motion is likewise denied. "An amended pleading is designed to include matters occurring *before* the filing of the [Complaint] but either overlooked or not known at the time." *Voracheck*, 563 F.2d 886. But, here, the factual predicate of the claim set forth in the Motion—*what* happened—took place after Plaintiff filed his Complaint. Accordingly, Plaintiff's Motion—construed as either a Motion to Supplement under Rule 15(d) or a Motion to Amend under Rule 15(a)—is **DENIED**.[1]

IT IS SO ORDERED.

DATED this 2nd day of October 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1]    This Court takes no position on the potential merits of such a claim, it merely finds that Rule 15 of the Federal Rules of Civil Procedure does not permit Plaintiff to supplement or amend his original complaint with this claim. Further, this Court can discern no other rule or law that would permit the Court to consider this claim in conjunction with his original complaint.

If Plaintiff decides to initiate another § 1983 action setting for this claim (or any other claim), Plaintiff is cautioned that his complaint would then be subject to preservice screening pursuant to 28 U.S.C. § 1915A(a) to determine whether the complaint establishes a plausible cause of action or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(b). If the complaint is dismissed at screening for failure to state a claim, Plaintiff would nevertheless be required to pay the full filing fee of $350.00. *See* 28 U.S.C. § 1915(b).