IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR KEMP                                                                                          PLAINTIFF

v.                      Civil No. 6:22-CV-06085-SOH-MEF

WELLPATH, LLC, Medical Services Provider
for the Arkansas Division of Correction;
DR. THOMAS N. DANIEL, Day Clinic,
Special Needs Unit;
DR. NANNETTE VOWELL, Hospital,
Special Needs Unit; and
NURSE HARRIS                                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Lamar Kemp, commenced the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that he received constitutionally inadequate medical care while incarcerated at the Ouachita River Correctional Unit ("ORCU"). (ECF No. 1). The Honorable Susan O. Hickey, United States District Judge, referred this matter to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). This matter is currently before the Court on the Defendants' Suggestion of Death. (ECF No. 78).

On August 11, 2025, Defendants submitted a Suggestion of Death Upon the Record. (ECF No. 78). In the Notice, Defendants indicate Plaintiff passed away on August 9, 2025. (*Id*.). They attach a Medical Record in support, which states Plaintiff died on August 9, 2025. (ECF No. 78-1). On August 15, 2025, this Court entered an Order noting that, pursuant to Federal Rule of Civil Procedure 25(a)(1), the deadline for a party to file a motion to substitute a new plaintiff is

November 10, 2025.[1] (ECF No. 79). That deadline has now passed, and no party has moved to substitute a new plaintiff.

Accordingly, pursuant to Fed. R. Civ. P. 25(a)(1), the undersigned hereby RECOMMENDS that this case be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 18th day of November 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Civil Procedure 25(a)(1) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."